UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANISUR RAHMAN,<br><br>      Petitioner,<br><br>  v.<br><br>PAMELA BONDI ET AL.,<br><br>      Respondents. | CASE NO. 2:24-cv-02132-JHC-TLF<br><br>ORDER |

This matter comes before the Court on Petitioner's Renewed Motion to Enforce. Dkt. # 29. Having reviewed de novo Petitioner's Renewed Motion to Enforce (Dkt. # 29), the October 3, 2025 Report and Recommendation (R&R) of the Honorable Theresa L. Fricke (Dkt. # 37), Respondents' Objections to the Magistrate Judge's Report and Recommendation (Dkt. # 39), and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the R&R to the extent that it pertains to Petitioner's habeas petition and his ongoing detention. The Court declines to adopt the R&R to the extent that it recommends granting Petitioner relief that exceeds the scope of available relief under a motion to enforce.

(2) The Court DENIES Petitioner's Renewed Motion to Enforce. Dkt. # 29. The Motion "seeks enforcement of the Court's July 11 order." *See id.* at 1. But the

ORDER - 1

July 11 Order, as revised by the Court's July 24 Order, merely requires the Government to provide Petitioner with an individualized bond hearing. *See* Dkt. ## 22; 26. As the Government provided Petitioner with an individualized bond hearing on August 5, 2025, *see generally* Dkt., there is nothing left in the July 11 Order to "enforce," and thus the Motion must be denied.

(3) Given Petitioner's ongoing and prolonged detention, the Court will hold an evidentiary hearing on the habeas petition pursuant to its authority under 28 U.S.C. §§ 2243, 2246, 2247, and Rules 1(b), 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts. As Petitioner's habeas petition has not been dismissed, *see generally* Dkt., and many months have passed since the initial habeas petition was filed (Dkt. # 1), the first R&R was adopted (Dkt # 22), and Petitioner's bond hearings have taken place, the Court finds an expansion of the record via an evidentiary hearing warranted. The hearing will address:

(a)     The current status of Petitioner's removal proceedings and the Government's expected timeline for his removal;

(b)     The Government's actions to date concerning the speedy effectuation of Petitioner's removal and why Petitioner has remained detained for more than 16 months;

(c)     Any new developments in the facts related to Bangladesh's actions in preparation for accepting Petitioner into the country;

(d)     Whether Petitioner should be immediately released from detention pending removal and if so, under what conditions.

ORDER - 2

The parties may propose additional issues. The Court will contact the parties shortly concerning the scheduling of the hearing.

Dated this 12th day of November, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3